EXHIBIT "A"

|  | Cause No. 2020CVA001858-D1 |  |
|---|---|---|
| JUANITA LIRA DE RUIZ, *Plaintiff,* | § § § § § § | IN THE DISTRICT COURT |
| vs. | § § § | 49TH JUDICIAL DISTRICT COURT |
| ELIUD MENDOZA RIVERA, *Defendant.* | § § § |  |
|  |  | WEBB COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

To the Honorable Judge of Said Court:

Plaintiff Juanita Lira De Ruiz, files this her First Amended Petition complaining of Defendants Eliud Mendoza Rivera and Transportes Jaly. For cause of action, Plaintiff would respectfully show the Honorable Court and Jury the following:

### 1.   DISCOVERY CONTROL PLAN

1.1.   Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### 2.   CLAIM FOR RELIEF

2.1.   Plaintiff seeks monetary relief in excess of $1,000,000.

### 3.   PARTIES

3.1.   Plaintiff Juanita Lira De Ruiz ("Juanita") is an individual residing in Webb County, Texas.

3.2.   Defendant Eliud Mendoza Rivera ("Eliud") is an individual who has filed an answer in state court.

3.3.   Defendant Transportes Jaly is a Mexican business organization, the precise nature of which is not known to the Plaintiff, and said Defendant is doing business in Texas, although not registered to do so. Said Defendant is engaged in business in this state within the meaning of that term as defined by §17.042, Tex. Civ. Prac. & Rem. Code, and may be served with process pursuant to the Hague

Convention, 20 U.S.T. 361 (February 10, 1969) as authorized by Tex. R. Civ. P. 108a. Pursuant thereto, service of process may be effected by serving a true and correct copy of the citation, with a copy of the petition attached thereto, to Transportes Jaly, 5543 Col El Nolgal, Nuevo Laredo, Tamaulipas, Mexico 88000. Service will be accomplished through APS International, Ltd.,[1] APS International Plaza, 7800 Glenroy Road, Minneapolis, Minnesota 55439-3122, in accordance with the Hague Convention.

4. Defendant Transportes Jaly is a foreign corporation engaging in business in the State of Texas within the meaning of §17.042 of the Texas Civil Practice and Remedies Code. Defendant Transportes Jaly operated in the State of Texas, and as a result of its business operations, a tort was committed in the State of Texas.

---

[1] https://www.civilactiongroup.com/international-service-of-process

5. Defendant Transportes Jaly does not maintain a regular place of business in the State of Texas and has no designated agent for service of process. Therefore, service of process may be accomplished by serving duplicate copies of process upon the Texas Secretary of State as follows:

The Secretary of the State of Texas
P. O. Box 12887
Austin, Texas 78711-2887

6. The Secretary of State will then immediately mail a copy of the process by registered or certified mail, return receipt requested to the President/Chief Executive Officer or officer or agent for service of Defendant Transportes Jaly at its home office address: 5543 Col El Nolgal, Nuevo Laredo, Tamaulipas, Mexico 88000.

### 7. **MISNOMER, ALTER-EGO, ASSUMED NAME**

7.1. In the event any parties are misnamed or not included herein, such event was a misnomer, or such parties are or were alter egos of parties named herein

### 8. **JURISDICTION AND VENUE**

8.1. Venue is proper in Webb County, Texas because all or a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Webb County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1-3).

### 9. **FACTS**

9.1. Transportes JALY hired, qualified, supervised, and retained Eliud Mendoza Rivera ("Eliud"). At all times relevant to this lawsuit, Eliud was acting in the course and scope of his actual or statutory employment with Transportes JALY. Eliud was operating a commercial motor vehicle for and on behalf of Transportes JALY.

9.2.   On or about Thursday, April 18, 2019, Juanita was lawfully operating her 2001 Nissan Cube. Juanita had stopped for a red light at the 5800 block of San Dario Avenue. When suddenly and without any warning, Eliud reversed his Dodge Ram 4500 into the front of Juanita's vehicle.

9.3.   Eliud was cited for reversing his vehicle - backing so as to interfere or without safety.

## 10.   NEGLGENCE OF ELIUD MENDOZA RIVERA

10.1.1. At the time of the accident in question, Eliud was guilty of various acts and omissions of negligence including, but are not limited to, the following:

10.1.2. Failed to keep a proper lookout;

10.1.3. Failed to exercise due care to avoid collision;

10.1.4. Failed to safely operate the vehicle; and

10.1.5. Used poor driving judgment while operating the vehicle.

10.2.   Transportes Jaly is negligent for Eliud's actions and omissions through the doctrine of *Respondeat Superior*.

## 11.   NEGLIGENCE PER SE

11.1.   Additionally, Defendant is liable for damages to the Plaintiff for actions of Eliud which constitute negligence per se, as the term is defined by law, by violating one of more of the following statutes, said violation proximately causing the occurrence in question and the damages to the Plaintiff:

11.1.1. Transportation Code, Section 545.062: an operator of a motor vehicle shall maintain a safe following distance based on the speed of each vehicle, traffic, and highway conditions, such that the following vehicle is able to safely stop without colliding into the preceding vehicle.

11.2.   Plaintiff alleges that each and every, all and singular unreasonable and unjustified violations of the aforementioned statutory provision on the part of the Defendant, their agents, servants,

employees and/or statutory employees, constitute negligence per se which was and is the direct and proximate cause of the injuries and damages sustained by Plaintiff as hereinafter set out.

### 12. NEGLIGENCE AND GROSS NEGLIGNECE OF TRANSPORTES JALY

12.1. Further, Defendant Transportes JALY was independently and directly negligent. Defendant Transportes JALY owed a duty of care to take steps to prevent injury to the driving public by, among other things, determining the competency of a job applicant to drive, adequately supervising its employee-drivers, and adequately exercising control over its employees and their driving habits. The reason for this duty of care is to promote safety and prevent motor vehicle collisions. Defendant Transportes JALY superficially assumed the duty to hire, supervise, train, and retain only safe and qualified drivers and to keep unsafe, reckless, or incompetent drivers like Rivera from operating its vehicles. However, Transportes Jaly:

1.1. Failed to appropriately and adequately train Rivera;

1.2. Failed to appropriately and adequately supervise Rivera;

1.3. Failed to remain knowledgeable of Rivera's competence and qualifications;

1.4. Failed to enforce or implement progressive discipline policies;

1.5. Negligently continued to retain Rivera;

1.6. Negligently qualified Rivera to operate a motor vehicle;

1.7. Negligently and grossly negligently entrusted the motor vehicle to Rivera when it knew or should have known he was a reckless or incompetent driver;

1.8. Negligently assigned a Rivera a job when he was not competent to perform such job under the known conditions;

9.2 Each of the foregoing negligent acts or omissions of Defendant, whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages, which are

hereinafter set out. Defendant was independently and directly negligent. Defendant's actions and omissions involved an extreme degree of unnecessary risk, considering the probability and magnitude of the potential harm to others and it was subjectively aware of such risk. Defendant's independent actions and omissions constitute gross negligence and were a proximate cause of the occurrence and Plaintiff's injuries and damages.

### 13.   DAMAGES TO JUANITA LIRA DE RUIZ

13.1.   As a proximate result of the collision and of the negligence of the Defendant, Plaintiff suffered injuries and the following damages:

13.1.1. Reasonable and necessary medical expenses in the past;

13.1.2. Reasonable and necessary medical expenses which, in all probability, will be incurred in the future;

13.1.3. Physical pain suffered in the past;

13.1.4. Physical pain which, in all reasonable probability, will be suffered in the future;

13.1.5. Mental anguish suffered in the past;

13.1.6. Mental anguish which, in all reasonable probability, will be suffered in the future;

13.1.7. Physical impairment in the past;

13.1.8. Physical impairment which, in all reasonable probability, will be suffered in the future;

13.1.9. Loss of wage earning capacity or lost wages in the past; and

11.1.10 Loss of wage earning capacity or lost wages which, in all reasonable probability, will be suffered in the future.

13.2.   Because of all of the above and foregoing, Plaintiff has been damaged, and will be damaged, in a sum within the jurisdictional limits of this Court, such monetary relief being over $1,000,000, with the final awarded amount to be just and fair as decided by a jury of Plaintiff's peers.

### 14. **PRE-JUDGMENT INTEREST**

14.1. Plaintiff further requests that they be awarded pre-judgment interest on all incurred damages as allowed by law.

### 15. **JURY TRIAL**

15.1. Plaintiff respectfully requests a jury trial and have tendered the appropriate fee.

### 16. **PRAYER**

16.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants, be cited to appear and answer, and that upon final hearing hereof, Plaintiff has judgment over and against said Defendants, including, but not limited to, actual damages in excess in excess of $1,000,000, such being within the jurisdictional limits of this Court; for pre-judgment and post-judgment interest as provided by law; reasonable and necessary attorney's fees; for costs of court; and for such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,

**MALTOS LAW FIRM, PLLC**
8600 Wurzbach Road, Suite 702
San Antonio, TX 78240
Office: 210/598-8474
Fax: 210/775-5009
Email: manuel@maltoslaw.com
denise@maltoslaw.com

By: /s/ *Manuel C. Maltos*
MANUEL C. MALTOS
State Bar No. 24050985

and

**CANTU LAW FIRM, PLLC**
8600 Wurzbach Road, Suite 702
San Antonio, TX 78240
Office: 210/547-0505
GERMAN CANTU

State Bar No. 24096536
gcantu@thecantulawfirm.com

*ATTORNEYS FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been **e-served** upon counsel of record on this the 18th day of April, 2021 as follows:

Anthony B. James
State Bar No. 10537300
HODGE & JAMES
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
O: 956/425-7400
F:  956/425-7707

*ATTORNEY FOR DEFEDANT RIVERA*

                                                                            _____/s/Manuel Maltos_____
                                                                           MANUEL C. MALTOS

Filed
12/7/2020 10:09 AM
Esther Degollado
District Clerk
Webb District
Arlene Gonzalez
2020CVA001858D1

(2020-174)

CAUSE NO. 2020CVA001858D1

| | | |
|---|---|---|
| JUANITA LIRA DE RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| ELIUD MENDOZA RIVERA | § | WEBB COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER, JURY DEMAND
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, ELIUD MENDOZA RIVERA, and hereby makes and files this his Original Answer to Plaintiff's Original Petition and all parties seeking affirmative relief, and in support hereof would show the Court as follows:

I.

GENERAL DENIAL

1.1   Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition and all parties seeking affirmative relief, and says they are not true, in whole or in part, and demands strict proof thereof on the trial of this cause.

II.

REQUEST FOR DISCLOSURE

2.1   Under Tex. R. Civ. P. 194, Defendant requests that Plaintiff and all parties seeking affirmative relief disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

III.

JURY DEMAND

3.1     Defendant requests that the above-styled and numbered cause be tried to a jury and represent to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Defendant's Original Answer.

**WHEREFORE, PREMISES CONSIDERED**, Defendant ELIUD MENDOZA RIVERA, respectfully prays that Plaintiff, and all parties seeking affirmative relief, take nothing from this Defendant and that the Court enter a judgment dismissing all claims against this Defendant with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in equity, general or special, to which this Defendant might show himself to be justly entitled to receive.

Respectfully submitted,

HODGE & JAMES, L.L.P.
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707

*/s/ Anthony B. James*
Anthony B. James
State Bar No. 10537300
Email: ajames@hodgejames.com

Attorneys for Defendant, ELIUD MENDOZA RIVERA

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing, Defendant's Original Answer, Jury Demand and Request for Disclosure, has been served on the 7th day of December, 2020 to all attorneys of record electronic mail as follows:

| | |
|---|---|
| Manuel C. Maltos | Email: manuel@maltoslaw.com |
| Maltos Law Firm, PLLC | Email: denise@maltoslaw.com |
| 8600 Wurzbach Road, Suite 702 | |
| San Antonio, Texas 78240 | |

and

| | |
|---|---|
| German Cantu | Email: gcantu@thecantulawfirm.com |
| Cantu Law Firm, PLLC | |
| 8600 Wurzbach Road, Suite 702 | |
| San Antonio, Texas 78240 | |

    *Attorneys for Plaintiff*

                              */s/ Anthony B. James*
                              Anthony B. James

Filed
4/21/2021 3:30 PM
Esther Degollado
District Clerk
Webb District
Janellie Berlanga
2020CVA001858D1

(2020-174)

CAUSE NO. 2020CVA001858D1

| | | |
|---|---|---|
| JUANITA LIRA DE RUIZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 49TH JUDICIAL DISTRICT |
| | § | |
| ELIUD MENDOZA RIVERA | § | WEBB COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, TRANSPORTES JALY, and hereby makes and files this its Original Answer to Plaintiff's Original Petition, and in support hereof would show the Court as follows:

I.

GENERAL DENIAL

Defendant denies each and every, all and singular, the allegations in Plaintiff's Original Petition, and says that they are not true, in whole or in part, and demands strict proof thereof on the trial of this cause.

**WHEREFORE, PREMISES CONSIDERED**, Defendant TRANSPORTES JALY, respectfully prays that Plaintiff take nothing from this Defendant and that the Court enter a judgment dismissing all claims against this Defendant with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in equity, general or special, to which this Defendant might show itself to be justly entitled to receive.

Respectfully submitted,

HODGE & JAMES, L.L.P.
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707


*/s/ Anthony B. James*
Anthony B. James
State Bar No. 10537300
Email: ajames@hodgejames.com

Attorneys for Defendant, TRANSPORTES JALY


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing, Defendant, Transportes Jaly's Original Answer, has been served on the 21st day of April, 2021 to all attorneys of record electronic mail as follows:

| | |
|---|---|
| Manuel C. Maltos | Email: manuel@maltoslaw.com |
| Maltos Law Firm, PLLC | Email: denise@maltoslaw.com |
| 8600 Wurzbach Road, Suite 702 | |
| San Antonio, Texas 78240 | |

and

| | |
|---|---|
| German Cantu | Email: gcantu@thecantulawfirm.com |
| Cantu Law Firm, PLLC | |
| 8600 Wurzbach Road, Suite 702 | |
| San Antonio, Texas 78240 | |

*Attorneys for Plaintiff*

*/s/ Anthony B. James*
Anthony B. James